IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

VICTOR LAMAR ROGERS, JR.

    Plaintiff,

v.                                      Case No. 1:19-cv-138-AW-GRJ

W. SINGER, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate confined in the Alachua County Jail, initiated this case by filing a complaint pursuant to 42 U.S.C. § 1983 and has been granted leave to proceed *in forma pauperis* by separate order. Plaintiff names as defendants Wendy Singer and L. Moye, both nurses at the Alachua County Jail. ECF No. 1 at 2. Plaintiff asserts claims of deliberate indifference and "due process" arising from an incident that occurred on January 17, 2019. *Id.* at 5, 7. Plaintiff alleges that Nurse Singer gave Plaintiff the wrong medication, which caused him to feel weak and nauseated and pass out. *Id.* at 5.

Plaintiff was transported to the medical department, where Defendants resuscitated him. *Id.* He was given cold water and "excess" amounts of food to dilute the medication. *Id.* at 5-6. Nurse Moye told

1

Plaintiff his blood pressure dropped to "40 below average" while he was passed out. *Id.* at 6. Plaintiff alleges he could have died as a result of the incident. *Id.* Plaintiff was observed for several days and was returned to the inmate population. *Id.*

The Complaint in this case is nearly identical to the complaint Plaintiff filed in a previous action with this Court. *See Rogers v. Singer*, Case No. 1:19-cv-84-MW-GRJ. The Court dismissed that case before service pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted under the Eighth Amendment. *See* ECF Nos. 5 & 7 in Case No. 1:19-cv-84-MW-GRJ. In this case now before the Court, Plaintiff alleges virtually identical facts but adds an additional defendant, Nurse Moye.

Because the facts alleged in this case are generally duplicative of those alleged in Case No. 1:19-cv-84-MW-GRJ, the Complaint in this case is subject to dismissal for failure to state a claim on which relief can be granted. § 1915A(b)(1) and § 1915(e)(2)(B)(ii). Moreover, the Complaint is further subject to dismissal as malicious. *See* § 1915A(b)(1) and § 1915(e)(2)(B)(i). An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed as malicious. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.

1988) (citations omitted) (finding the court did not abuse its discretion in dismissing an action as duplicative of prior litigation containing the same claims but against different defendants). In light of the foregoing, summary dismissal of the Complaint in the present cause of action is appropriate.

As a final matter, Plaintiff is admonished that, pursuant to the three-strikes provision in § 1915(g), a prisoner is barred from bringing "a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

For the foregoing reasons, is respectfully **RECOMMENDED** that the case be dismissed pursuant to 28 U.S.C. §§§ 1915A(b)(1), 1915(e)(2)(B)(i), and 1915(e)(2)(B)(ii) as malicious and for failure to state a claim on which relief can be granted.

**IN CHAMBERS** at Gainesville, Florida, this 25th day of July 2019.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**